Swing, J.
This is a motion to set aside service on E. H. R. Green, J. IT. Smith and Edwards Whittaker, defendants.
The action of plaintiff is in quo warranto.
The allegation of the petition is that at a. regular election for directors of the Ohio and Mississippi Railway Company, the relators were duly elected and qualified as such directors; but that notwithstanding the premises, said defendants are usurping said rights, and claiming to be directors in said company, and -they ask that the defendants be ousted therefrom.
Summons was issued, and returned with the endorsement by the sheriff, that defendants could not be found. Thereupon the clerk proceeded to obtain service by publication.
It is this service that defendants ask to have set aside. The ground on which this is asked is that the service is not “ legally ” made.
It was admittfed by counsel in the argument that the defendants were non-residents of Hamilton county, and the *411 record of the case shows that they were not found in the county by the sheriff.
Harmon, Colston, Goldsmith & Hoadly and Paxton & Warrington, for relator.
Ramsey, Maxwell & Ramsey and Edward Barton, for defendants.
Upon these facts, can the defendants be brought within the jurisdiction of this court by publication ? We think not. In our judgment the jurisdiction'of this court to hear and determine this action is limited to the county in which either the defendant resides, or is found.
The terms of Section 6768, providing for the bringing of this action, is too plain and explicit to leave'any doubt as to its meaning. These defendants neither reside, nor are found within the county. If jurisdiction could be had in this case by this court, this action could have been brought in any county in the state, and service had upon defendants by publication, in any county newspaper therein of general circulation. That there should be a provision of the statute to fit the facts in the case is apparent, but we think it clearly apparent that it has not been given to this court.
Whether the Supreme Court might not have jurisdiction, is a question that probably might be asked.
We think the motion should be sustained. If the defendants desire to add to the motion the allegation that the defendants are non-residents of this county, this may be done.
We might further say in this case that we do not consider this ease is properly brought. It should be brought by the prosecuting attorney in the name of the state on relation of McKim et-al., and this should have been only upon leave of the court first having been obtained. This action is in the name of the state by the relators, and no leave was granted by the court to bring this. suit. (See .secs. 6760, 6762, 6763, Rev. Stat.)